# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> Plaintiff, <br> vs. <br> STEPHEN D'ANGELO, <br> Defendant. | CASE NO. 17cv0020-LAB (RBB) <br> **ORDER DENYING MOTION UNDER 28 U.S.C. § 2255** |

Stephen D'Angelo pled guilty to possessing child pornography and the Court sentenced him to 60 months in prison. 18 U.S.C. § 2252(a)(4)(B). By his plea agreement, he waived the right to appeal except for a collateral attack based on ineffective assistance of counsel.

D'Angelo has filed a motion to vacate his conviction under 28 U.S.C. § 2255. He's not challenging the voluntariness of his plea, or his counsel's effectiveness in advising him to plead guilty. Instead, he argues that his counsel was ineffective in failing to emphasize his serious medical condition to the Court.

A claim of ineffective assistance of counsel requires showing: "(1) that counsel's representations fell below an objective standard of reasonableness, and (2) that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

D'Angelo argues that his counsel failed to inform the Court of his serious medical condition at sentencing. But counsel's Memorandum in Aid of Sentencing clearly highlighted D'Angelo's medical condition and the risks associated with placing him in prison. D'Angelo admits as much in his motion, writing "during sentencing the Judge addressed the Defendant's health issues." In addition to addressing D'Angelo's health issue, the Court also recommended that he be placed at FCI Terminal Island, a federal medical facility. D'Angelo has failed to demonstrate that his sentence would have been different had his counsel done anything different.

D'Angelo also argues that because his medical condition is serious, sentencing him to prison could amount to a death sentence because he can't get proper medical treatment at the FCI. At the sentencing hearing, the Court determined the Bureau of Prisons is capable of monitoring D'Angelo's condition and treating him. In any event, a § 2255 claim isn't the way to resolve a grievance for inadequate medical care.

Finally, D'Angelo asks the Court to release him on compassionate release grounds and because the Bureau of Prisons has been deliberately indifferent to his serious medical condition. Under 18 U.S.C. § 3582(c)(1)(A) release on compassionate grounds is authorized if requested by the Director of the Bureau of Prisons and if the Court finds extraordinary and compelling reasons warranting the release. In October 2016, the warden at FCI Terminal Island, Warden Ponce, denied D'Angelo's compassionate release request because he determined that D'Angelo's medical problems were being actively managed. Nor has D'Angelo demonstrated any compelling medical reasons to release him. A § 2255 claim isn't a vehicle for the Court to overrule the warden's decision.

D'Angelo's § 2255 motion is **DENIED**.

**IT IS SO ORDERED.**

DATED: 5-26-17

HONORABLE LARRY ALAN BURNS
United States District Judge